Ruffi.y, Chief Justice.
This case differs from that which was before the Court a year ago between the plaintiff’s brother and the same defendant, (Ante 2, vol. 492,) only in showing more explicitly the innocence of the plaintiff, and the malignant motive of the defendant. But the same principle governs both, notwithstanding that difference in the detail of the circumstances. The principle is, that probable cause is judicially ascertained by the verdict of the jury and judgment of the Court thereon, although upon an appeal, a contrary verdict and judgment be given in a higher Court. Our opinion being, that probable cause is judicially established by those means, it follows that no evidence is competent to disprove it.
It is insisted that the present case is a strong example of the hardship-of the rule, and calls for some relaxation of it at the least, since the conviction was grossly unjust, within the knowledge of the prosecutor, and obtained by perjury. It is doubtless a grievous thing that a person should be concluded as to any of his rights by a judgment founded in error, and especially, if procured by perjury or subornation of perjury. But that is the consequence of every judgment, although it may have been thus procured ; and the conclu *178 siveness of a judicial sentence is not more oppressive in its application to a case of this sort than to any other, in which Party t0 be affected may be able satisfactorily to explain or contradict, the former proofs against him. Every party is supposed to bring to the trial all such proof as he may have, that is material to the support of the issue on his part; and every Court in cases within its jurisdiction, must be deemed competent duly to weigh the facts and circumstances thus in evidence, and the credit of the witnesses deposing to them. Hence another Court before which the matter is brought collaterally, must receive that sentence as proving its own verity, and cannot look beyond it to the evidence on which it was founded. If the present plaintiff were at liberty to aver that the witnesses who testified against him in the county Court we're perjured, or that the Court was mistaken in the conclusion drawn from their testimony, and to support those averments by evidence ; for the same reason, the present defendant ought to be permitted, in his turn, in an action to be brought by him, to sustain by fuller proof the evidence first given by him on the prosecution, and to show that the evidence now offered by the plaintiff is itself false and perjured, The result would be the interminable prosecution of the same litigation between the parties, alternate-changing sides. If upon the appeal the prosecutor had been again successful in obtaining a conviction, the plaintiff could not support this action upon the proof here offered or any other; because his guilt would be conclusively established by the judgment, however corrupt were the means of procuring it. So in the present state of the case, another ingtedient of the action, namely, the want of probable cause which is as essential to the plaintiff’s action as is his innocence, is completely negatived, because the proof that satisfied the jury and Court then trying the plaintiff that he guilty, must, upon the. ground already adverted to, be deemed by another Court to establish that there was then probable cause. The judgment in the county Court justi-the institution of the prosecution in that Court.
Per Curiam. Judgment affirmed.